**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **TONY TRUMBO, JR., # 15421-033,** ) <br> ) <br> **Petitioner,** ) <br> ) <br> vs. ) <br> ) <br> **D. SPROUL,** ) <br> ) <br> **Respondent.** ) | Case No. 19-cv-1239-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Tony Trumbo, Jr. is incarcerated at the USP-Marion, serving an aggregate sentence of 255 months. He filed this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement – in particular his conviction and 120-month sentence for using and discharging a firearm during and in relation to a crime of violence. (Doc. 1). Trumbo argues that following *United States v. Davis*, 139 S. Ct. 2319 (2019), his offense of "aiding and abetting robbery" underlying the firearm charge no longer qualifies as a "crime of violence" within the meaning of 18 U.S.C. § 924(c).

Respondent moved to dismiss the Petition on the basis that *Davis* is a constitutional case, not one of statutory interpretation, and thus, Trumbo cannot meet the criteria to bring his claim under § 2241. (Doc. 11). While not conceding the Motion to Dismiss, Trumbo requests this Court to transfer this case to the Sixth Circuit United States Court of Appeals so that he may seek permission to bring his claim in a second/successive motion pursuant to 28 U.S.C. § 2255. (Doc. 15).

**Relevant Facts and Procedural History**

Trumbo pled guilty in April 2015 in the Western District of Kentucky to three counts of aiding and abetting a robbery (Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a)), and one count of brandishing a firearm in connection with a crime of violence (in violation of 18 U.S.C. § 924(c)(1)). *United States v. Trumbo*, Case No. 13-cr-170 (W.D. Ky.) ("criminal case"). He was sentenced to 120-months imprisonment for the firearm count, to be served consecutively to his 135-month concurrent sentences on the robbery counts. (Doc. 132, criminal case). Trumbo did not appeal. He filed a motion under § 2255 in June 2016, raising ineffective assistance of counsel. That motion was denied in May 2017. (Docs. 287, 334, 335 in criminal case).

**Applicable Law**

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be employed to raise claims of legal error in conviction or sentencing; they may only challenge the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is ordinarily limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). He may not, however, file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, a prisoner may challenge his federal conviction or

sentence under § 2241. Section 2255(e) contains a "savings clause" (also referred to as the "safety-valve" clause, *see Reynolds v. United States*, Case No. 18-cv-691 (M.D. Pa., Doc. 5, April 4, 2018)) which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that the petitioner may be barred from bringing a successive § 2255 petition is not, in and of itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, under § 2241, a petitioner must demonstrate the inability of a § 2255 motion to cure the defect in the conviction because of a structural problem inherent in § 2255. *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611.

Following *Davenport*, the Seventh Circuit has developed a three-part test for determining whether § 2255 is inadequate or ineffective so as to trigger the savings clause:

- The federal prisoner must seek relief based on a decision of statutory interpretation (as opposed to a decision of constitutional interpretation, which the inmate could raise in a second or successive § 2255 motion);

- The statutory rule of law in question must apply retroactively to cases on collateral review *and* could not have been invoked in a first § 2255 motion; and

- A failure to afford the prisoner collateral relief would amount to an error "grave enough" to constitute "a miscarriage of justice."

*Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020) (emphasis in original) (citing *Montana v.*

*Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)). *See also Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

## **Discussion**

Trumbo's Petition fails to satisfy the first *Davenport* condition. He relies on the June 24, 2019 *Davis* opinion, which held that the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, violating "the twin constitutional pillars of due process and separation of powers." *Davis*, 139 S. Ct. at 2325. Section 924(c)(1)(A) provides for enhanced penalties for a person who uses or carries a firearm "during and in relation to," or who possesses a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." Section 924(c)(3) defines the term "crime of violence" as "an offense that is a felony" and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, [the "force clause"] or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

18 U.S.C. § 924(c)(3). After *Davis*, only a crime of violence that fits the definition set out in the "force clause" of Section 924(c)(3)(A) will support an enhanced penalty.

Trumbo also invokes *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *United States v. Johnson*, 135 S. Ct. 2551 (2015). The Supreme Court in *Dimaya* applied the analysis from *Johnson* to hold that the residual clause in 18 U.S.C. § 16(b), as incorporated into the Immigration and Nationality Act's definition of aggravated felony, was unconstitutionally vague and violated due process. *See also Welch v. United States*, 136 S. Ct. 1257 (2016) (*Johnson*, which held the residual clause in 18 U.S.C. § 924(e)(2)(B)(ii) was unconstitutionally vague, announced a new substantive rule of constitutional law that applies retroactively). In *Davis*, the

Supreme Court similarly concluded that the residual clause in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. *Davis*, 139 S. Ct. 2319, 2324 (2019). Like *Dimaya* and *Johnson*, *Davis* is a case of constitutional interpretation. As such, a claim based on *Davis* could be raised in a successive § 2255 motion if permission is timely sought and obtained.[1] But his claim cannot be pursued in a § 2241 Petition under the "savings clause."

For the foregoing reasons, Trumbo's § 2241 Petition will be dismissed. The dismissal shall be without prejudice to Trumbo's pursuit of the claim in the sentencing court, should the Sixth Circuit grant him leave to do so. Given this conclusion, the Court finds it unnecessary to address Respondent's argument regarding the merits of Trumbo's Davis claim.

The Court declines Trumbo's request that it transfer this action to the Sixth Circuit Court of Appeals. As the Court advised Trumbo in its March 16, 2020 Order (Doc. 3), his Petition cannot be re-characterized as a § 2255 motion by this Court. And, he has had ample opportunity and notice to file his request directly with the Sixth Circuit. (See Doc. 3, p. 2 – Order noting that a *Davis* claim "may more appropriately be raised in a motion brought under 28 U.S.C. § 2255"; Doc. 14 – suggesting Trumbo may wish to consider filing his request directly with the Sixth Circuit in the interest of timeliness).

### Disposition

Respondent's Motion to Dismiss the Petition for Relief Pursuant to 28 U.S.C. § 2241 (Doc. 11) is **GRANTED.** Tony Trumbo, Jr.'s Petition for habeas relief under 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this case is **DISMISSED without prejudice** to Petitioner pursuing his claim pursuant to 28 U.S.C. § 2255 in the proper court. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

---

[1] The Court makes no comment on the potential merits of Trumbo's claims if he were to bring them in the context of a successive § 2255 motion.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal, he may file a notice of appeal with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B)(iii). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

A motion for leave to appeal *in forma pauperis* must identify the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED:  June 22, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**